WYS, PETITIONER AND APPELLANT, *v.* FORNARIS, MUNICIPAL JUDGE, RESPONDENT AND APPELLEE.

APPEAL from the District Court of Ponce in Certiorari Proceedings.

No. 1433.—Decided June 1, 1916.

CERTIORARI—INTEREST.—In order that a petitioner may be entitled to the benefit of a writ of certiorari, his interest in the subject-matter of the proceedings sought to be set aside must be clearly shown.

ID.—SEARCH-WARRANT—PROPERTY RIGHT.—A petition for a writ of certiorari to set aside an order granting a search-warrant under which various articles were seized is insufficient when it does not allege that some part of the property seized belongs to the petitioner or that he was prejudiced in some manner by the said seizure.

SEIZURE—CONSTITUTIONAL RIGHT—CONSTRUCTION OF ·LAW.—The constitutional and
statutory provisions prohibiting unjust seizures are construed in favor of the
person whose property has been affected by such seizure.

ID.—SEARCH-WARRANT.—There is nothing in the law requiring that search-war-
rants shall be issued in specific proceedings. It is a separate proceeding.

ID.—ID.—INTEREST IN SEIZURE.—When a search-warrant issues for the seizure
• of objects which do not belong to the defendant he has no right or interest
in the seizure even when he objects on the ground that the seizure was un-
justified and the objects were to be used against him.

The facts are stated in the opinion.

*Mr. Rafael R. Rivera Zayas* for the appellant.

*Messrs. Salvador Mestre* and *Jaime Sifre, Jr., fiscals,* for
the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Eduardo Wys, the appellant, was charged with a criminal
offense consisting in having solicited contributions from
school teachers for political purposes in violation of the
Civil Service Law. On the day that the complaint was filed
in the municipal court a detective sergeant named Ramón
Guanil asked for a search warrant to search the office of the
local committee of the Unionist party and, obtaining the
same, proceeded to seize various promissory notes, papers,
books and other articles in possession of the said committee.

For the sake of argument, but only for that purpose, it
may be granted at the outset that the petition for a search
warrant was defective, if not entirely illegal and arbitrary
inasmuch as, among other things, it did not allege in whose
possession the desired objects were, nor that they could not
be readily obtained otherwise by motion to produce, or what
not, nor were the objects wanted described. The appellant
also complains that the said petition for a search warrant
did not contain a statement that he, the appellant, was the
secretary or had any connection with the said committee.
The object of the application for a certiorari made to the
District Court of Ponce was that the proceedings obtained
under the search warrant be annulled.

The real question to be decided by us is the right of
appellant to ask for this writ of certiorari conceding that

the search warrant was improperly issued.  In other words, what interest or standing he had to ask that the seizure of the property be annulled.  It is clear from the petition that the property was in the possession and belonged to the committee of the Unionist party.  The appellant was not shown in the petition for a search warrant to have any interest in the papers or to be connected with the said organization. Indeed, he relies on this said omission to attack the issuance of the search warrant.  To entitle a petitioner to the benefit of the extraordinary writ of certiorari, his interest in the subject-matter of the proceeding to be annulled must be clear. It did not appear that any part of the property seized belonged to the petitioner, or even that he was in any way prejudiced by such seizure.  The constitutional and statutory provisions against unwarranted seizures are made in favor of the person whose property or possessions are affected by such seizures.  To say that the defendant had an interest in this property because it was intended to be used against him, is to give the word interest a use which it never has when one is said to have an interest in a suit or similar matter.  It is a familiar thing to ask a witness in a civil suit if he has any interest therein, meaning thereby a financial or property interest or the like.  Interest is defined in 22 Cyc. 1581, as concern, advantage, good, share, portion, part, participation, and generally a right in property or the like, and see 30 Cyc. 30, Title "Parties."  It might interest any person charged with crime that the evidence against him should not be brought to light, but if no property of his own is illegally seized he cannot be said to have an interest in the result of such seizure.  Otherwise, where the owner of the property might have no objection to the unwarrantable seizure thereof, a stranger maintaining that it was evidence to be used against himself could take advantage of any technicality that the owner might be disposed to waive. In this connection it should be observed that the petition

for a certiorari does not allege that the papers and articles seized had any relation to the crime with which petitioner was charged.

The petition does not clearly set out that the search warrant issued out of the criminal proceeding wherein a complaint was filed against the petitioner, but as he asked that the papers in that criminal suit, and no others, be certified to the district court, it may be assumed that the proceeding for a search warrant was initiated within the said prosecution. There is nothing in the law concerning search warrants that requires it to be issued in a particular proceeding. It is a separate proceeding.

Technically, perhaps, it might be insisted that the search warrant issued out of the criminal action in which the appellant was the party defendant and that, as a party, he would have the right to attack the validity of anything done therein. Even then, he would have no more right or interest to attack the issuance of a search warrant than a defendant would have a right to attack a *subpœna duces tecum* wherein the witness summoned did not object. And a similar question would be presented where one nominally a party would seek to revise by certiorari a judgment which in no way affected him. Even in a direct appeal it is only the aggrieved party who may exercise the right. Section 294, Code of Civil Procedure.

The appellant having shown no right or interest in the property seized, the court for that reason alone, and there may be others, was justified in refusing the writ.

The order appealed from must stand

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.